IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| **MICHAEL ALETUM,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-20-3041 |
| **PRINCE-OPPUSING STAFFING AGENCY,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Michael Aletum brings this civil action against Defendant Prince-Oppusing Staff Agency for disability discrimination in hiring. ECF No. 1. Pending before the Court is Plaintiff's Motion for Default Judgment. ECF No. 17. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Plaintiff's Motion is denied.

**I.    BACKGROUND**

Plaintiff, a resident of Maryland, alleges that he is a deaf job-seeker who was discriminated against in his application for a position with a company through Defendant Prince-Oppusing Staffing Agency. ECF No. 1 at 3.[1] Plaintiff asserts that he was informed by phone, on or around September 2019, that he was "no longer needed" by the staffing agency due to his status as a deaf person.[2] *Id.* at 4. Plaintiff apparently filed a claim with the U.S. Equal

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[2] Plaintiff explains that this conversation took place over "Purple Relay Service," ECF No. 1 at 4, a service that enables deaf and hearing-impaired people to communicate with voice telephone users through an American Sign Language interpreter. *See What is VRS?* PURPLE, https://signlanguage.com/vrs/ (last accessed November 2, 2022).

1

Employment Opportunity Commission against the hiring company, before learning that the alleged decision not to move forward with his application was made by the Defendant. *Id.* at 2–3.

On October 19, 2020, Plaintiff, acting *pro se*, filed a Complaint against Defendant for violations of the Americans with Disabilities Act and employment discrimination law, seeking punitive damages and other relief. *Id.* at 5. Plaintiff subsequently issued a summons as to Defendant, which was returned executed on May 3, 2021. ECF No. 7. On June 1, 2021, Plaintiff requested an extension of time to retain counsel, and on August 6, 2021, Counsel entered an appearance on behalf of Plaintiff. ECF No. 8; ECF No. 9. Defendant has not yet entered an appearance in this matter and has otherwise been unresponsive. On November 10, 2021, Plaintiff filed a Motion for Clerk's Entry of Default, ECF No. 12, which the Clerk entered on November 19, 2021, ECF No. 13. On January 11, 2022, the Notice of Default sent to Defendant was returned as undeliverable. ECF No. 15. On April 19, 2022, Plaintiff moved for default judgment. ECF No. 17.

**II.    STANDARD OF REVIEW**

Although the Fourth Circuit has a "strong policy" that "cases be decided on their merits," default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *Choice Hotels Intern., Inc. v. Savannah Shakti Carp.*, No. DKC-11-0438, 2011 WL 5118328, at *2 (D. Md. Oct. 25, 2011) (citation and internal quotation marks omitted). However, default by a defendant "does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Id.*

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005). The Court must "determine whether those allegations support the relief sought in

the action." *Applause Prod. Grp., LLC v. Showtime Events Inc.*, No. GJH-16-1463, 2017 WL 1906588, at *2 (D. Md. May 4, 2017) (citation and internal marks omitted). In determining whether the factual allegations constitute a legitimate cause of action, courts typically apply the *Iqbal*/*Twombly* pleading standard. *See Baltimore Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011) (finding *Iqbal* "relevant to the default judgment inquiry"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Further, while *pro se* pleadings are to be "liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Fourth Circuit has determined that it is "neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form," *Harris v. Angliker*, 955 F.2d 41, 41 (4th Cir. 1992) (per curiam). "District courts are not required to be mind readers, or to conjure questions not squarely presented to them." *Id.*

### III.  DISCUSSION

The Court accepts as true the facts pleaded in Aletum's Complaint. However, even taking those facts as true, the Complaint contains little that would allow the Court to find in Plaintiff's favor. The Plaintiff has not brought any specific causes of action against the Defendant, beyond alleging that the staffing agency violated "ADA and [Equal Employment Opportunity] laws." ECF No. 1 at 5. And while Plaintiff's recitation of the facts suggests troubling behavior, it is threadbare in its telling and does not provide the Court with sufficient detail to find for Plaintiff.

Additionally, while the Court is mindful that Plaintiff submitted his initial Complaint *pro se*, and thus his pleadings are to be liberally construed, that fact "does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md.

2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014). Nor can the Court advocate on behalf of a self-represented litigant, crafting claims for him. *See Johnson v. United Parcel Serv., Inc.*, No. CV JKB-19-1916, 2020 WL 231379, at *2 n.3 (D. Md. Jan. 15, 2020) (finding that "the Court will not create new arguments for [*pro se* plaintiff] that were not clearly presented to this Court."). This is particularly true given that Plaintiff later retained Counsel in this matter, yet Plaintiff's Motion for Default Judgment makes no effort to address these deficiencies. *See* ECF No. 17.

Accordingly, the Motion for Default Judgment must be denied.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion is denied. Plaintiff shall be granted 14 days from today's date to file an Amended Complaint, or this matter will be dismissed with prejudice. A separate Order follows.


Date: <u>December 21, 2022</u>              _____/s/_____
                                            GEORGE J. HAZEL
                                            United States District Judge